UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Dominic Alan DiMaio,
Plaintiff,

vs.                         3:25-CV-379-WWB-SJH
                            CIVIL CASE No: TBD

Jacksonville Sheriffs Office;
Dept. of Corrections; et al,
Defendants

## COMPLAINT; CONSPIRACY TO DEPRIVE THE PLAINTIFF OF BIRTHRIGHTS

COMES NOW the Plaintiff Dominic Alan DiMaio, in propria persona and begs for Federal protection for Federally protected Rights being deprived of the Plaintiff by multiple Defendants above-styled. In support of this Complaint the Defendants have violated the mentioned Rights and the Plaintiff avers:

### FACTS

1. The Plaintiff is Dominic Alan DiMaio and is being illegally detained of numerous Rights at the Duval County Jail located at 500 E. Adams St., Jacksonville, Fl. 32202;

2. On March 4th 2025 the Plaintiff was visited in Solitary Confinement at the Duval County Jail on the 6th floor, in the high-risk sector, by Lt. Carter and was brought numerous envelopes (without postage) and some with postage for legal supplies because the Jails "Commissary" services were "not working" for the Plaintiff;

(1)

3. On April 2nd of 2025 the Plaintiff had put "pro-per legal mail" (several or more) in the 6th Floor mail deposit box. Some of the envelopes did not have postage, and the Plaintiff, in the past at the Jail, assumed the Jail would affix postage as they [used to do] for legal mail envelopes;

4. On April 2nd, 2025, the mail room Sergeant Marshal brought into 6w2B the Plaintiffs mail and demanded he take it back and refused to mail it;

5. On April 3rd, 2025 the Plaintiff put the mail back into the mailbox with the top right lettered "Frank" to receive free postage (Webster Dictionary clearly shows that "Frank" is for sending mail for free), however, the Defendant Sgt. Marshal again brought the mail attempting to be sent out, and would [NOT] allow either times she visited to return the mail for the Plaintiff to retort his defense as to why the mail had no postage;

6. The second time she had called the Plaintiff to the outside hall with numerous administration to witness what was about to take place.

With the head Security Sgt. Bloodworth present the Plaintiff observed Sgt. Bloodworth take out his electronic taser gun and then initiate the trigger mechanism that shows the laser light and point it towards the Plaintiff.

The mailroom Sgt. then instructed that she would "do this everyday" if necessary and then took the denied mail and set it on the bench in the hallway and instructed

(2)

the Plaintiff she would not ever mail these envelopes, and again refused to allow the Plaintiff to talk;

Everytime the Plaintiff tried to speak the taser light got closer to him;

7. Reluctantly the Plaintiff went back to his cell in 6WZB cell 37 without his mail. The mailroom Sgt. instructed the mail would be thrown away. One of the items being thrown away was the Plaintiffs Notice of Appeal being sent to the Clerk of Courts for the Federal Case: 3:25-cv-219-MMH-LLL;

8. Precisely 10-15 minutes after this episode, the Plaintiff was visited by multiple J.S.O./D.O.C. housing officers to retaliate for not accepting the denied mail not sent out;

9. The Plaintiffs cell was then "shook down" while the Plaintiff was hand-cuffed

(3)

and searched. The Plaintiffs cell and months worth of organizing his legal research and filings were all "scattered" in the cell (known as a "tornado spin");

10. The officers then took every single commissary bought items with them (aside pens, pencils and envelopes) that he had just received that day. The officers refused to write an inventory ticket of property. The Plaintiff was un-handcuffed, placed into his destroyed cell and began cleaning up the mess that would take days to sort (legal documents all mixed up and shuffled);

11. 15-30 minutes later the Plaintiff was visited by a chaplain and instructed that they would be terminating the Plaintiffs Kosher meal (religious diet) because of "what the officers found in the Plaintiffs cell". When the Plaintiff asked what the items were he "chuckled" and walked away;

(4)

12. The Plaintiff had already begun a hunger strike on April 2nd, 2025 for the Defendants refusing to send the Plaintiffs mail;

13. The Plaintiff, again, was visited by Defendant Nash/Crosby (?) and the Chaplain (above-mentioned) returned, approximately, 15-30 minutes after visiting the Plaintiff, to terminate the Plaintiffs religious diet and said "Why are you on a hunger strike"? "Is it religious...?"

The Plaintiff told the Chaplain that "[It] is now, too." The chaplain shook his head, laughed, and left.

14. The Officers are intentionally harassing the Plaintiff for attempting to stand up for his birth [rights];

15. The Jail supervisors refuse to allow the Plaintiff to obtain a P-235 (J.S.O. employee complaint form) to file a formal grievance.

(5)

16. On April 3rd the Plaintiff received some online ordered commissary from his mother when she found out the jail refused to send the Plaintiffs mail because of postage. Although the Plaintiffs mother is 70 years old, retired, with limited income and watching the Plaintiffs son because the Plaintiff is incarcerated, the Plaintiffs mother ordered some stamps so the Plaintiff could yet again attempt to send [NEW] mail out with correct postage (Forever Stamps, etc.);

17. On April 4th, 2025 the Plaintiff was moved to "I-block", a close management confinement classification and the Plaintiff put his mail, with correct postage, in the "flap slot" in his door. The mailroom officer Perkins, at approximately 11:00 Am took all 3 pieces of mail, however, came back and put one personal piece of mail in the cell door although it had correct postage, and said nothing to the Plaintiff.

(6)

18. The Plaintiff is experiencing severe mental duress caused by his illegal confinement status and the Jacksonville Sheriffs Office tampering with a [Federally] protected Constitutional Right, therefore, the Plaintiff began a [HUNGER STRIKE] and will refuse to eat any food until his mail issues are investigated and protected, and, his ~~religious~~ religious meals are reinstated. The Plaintiff notifies this Court that on April 2nd, 2025 the Plaintiff began a protest because the Jacksonville Sheriffs Office, Department of Corrections and its Administration and Officers all are denying the Plaintiff Constitutional Rights and Birth Rights and stands up against the tyranny ever-so-present.

### ARGUMENTS WITH MEMORANDUM OF LAW

19. The Administration has now taken the Plaintiffs grievance system away so he can no longer exercise his

(7)

Right to grieve, pursuant to the Florida Constitution, Declaration of Rights, art.1, §5 [and] the United States Constitution, Amendment 1, the [Right] to Petition for Redress of Grievances.

20. The Plaintiff asserts all Officers, Administration and employees that are violating Federal and State Laws are acting in an Individual, and Official, Capacity in a colorable fashion, unlawfully.

21. The J.S.O./D.O.C. asserts the entire Administration is corrupt and the Plaintiff has no readily available avenue for relief, and the mailroom refuses to send any mail unless its on a pre-stamped (more expensive) envelope such as the one the Plaintiff is forced to use to send this Complaint

22. The Plaintiff will continue to hunger strike and not eat until a Federal Officer or Inspector General investigator comes to talk, and file a formal complaint, about his violations and/or duress

(8)

23. Because the Plaintiffs captives refuse to make copies of this Complaint the Plaintiff asks the Court to serve whatever Respondents they deem appropriate and liberally construe this Complaint as it seems fit and Just

24. The Plaintiff asserts this Court has Jurisdiction to help assist with Contacting the appropriate Federal officials to assist with getting the Plaintiff relief

25. The Plaintiffs trial is set for 34 days from today and the Jails administration is refusing to send out [legal mail] and personal mail to obtain due process of law for Trial.

26. The Plaintiff also shows he is being denied access to the Court pursuant to Florida Constitution Art 1, Section §21, that guarantees access, by the Court cancelling the last pretrial conference before his Jury selection day on May 9th of 2025

(9)

27. The Plaintiff also informs the Court the State of Florida has never given any Discovery to the Plaintiff, allowed [him] to view the digital evidence, ruled on [many] Motions to enforce Discovery, allowed the Plaintiff to depose witnesses, or obtain due process services. All [denied] [before trial] and Jury Selection is ever-presently-close. (Case 24-CF-947-Nassau)

28. Mail is the only way the Plaintiff can access a Court for relief presently because the Court, when the Plaintiff is actually allowed to be present, is brought before a "Zoom" camera at the "dungeon and dredges" jail to which he is confined, in Duval County, [for], Nassau County charges!

29. Federally protected mail falls [well] within the scope of this Courts Jurisdiction, and the Plaintiff asserts his [mail] continually is denied and comes up missing quite often, and the Plaintiff has attorneys who will witness (civil)

(10)

to this [fact].

30. The Plaintiff refuses to allow the Defendants to piss all over the Plaintiffs "Rights" so many citizens, and Soldiers, [died] for!

31. The Plaintiff has already addressed similar issues with the State Supreme Court (see SC2025-175), only for them to ignore the Habeas Petition and redirect it to the lower tribunal, who is allowing a unfair trial and complete due process failure for the Plaintiff, showing of exhaustion for State Relief.

## REQUEST FOR RELIEF

32. The Plaintiff requests for a Federal Officer(s) to investigate the Plaintiffs claims;

33. The Plaintiff requests this Court to demand the Defendants Right to access the electronic grievance system

(11)

they have taken without due process of Law, to [HIDE] what they are doing;

34. The Plaintiff requests camera footage to be preserved for April 2nd, 2025, April 3rd, 2025 and April 4th of 2025 to clearly show the Plaintiffs claims at the Jail;

35. The Plaintiff requests his removal from the Duval County Jail and his illegal Close Management and Administrative Confinement;

36. The Plaintiff requests his religious diet be immediately re-issued, that way if the Plaintiff [does] to sto decide to start eating again, he can according to his religious beliefs;

37. Finally the Plaintiff would just like to make this Court aware, that all of this came after the Plaintiff filed a grievance about being left in a J.S.O. /D.O.C Van the other day, to die!

(12)

The Plaintiff was supposed to go to Court on March 20th of 2025, but instead was loaded onto a J.S.O. van [by himself] and driven to a U.F. Shands Hospital and left in a hot van for hours, in shackles, with no ventilation or lights to see, and the officer left to go inside the hospital the entire time. Luckily a civilian heard the Plaintiff screams and beating the van. The Plaintiff was only let out because he took the shackles and got onto the floor and beat the cage until it almost broke off, so he could [get] out. The Plaintiff suffered injuries due to this incident, and J.S.O./D.O.C. is trying to cover it up.

The Plaintiff filed a complaint to the Sheriff T.K. Waters and Internal Affairs, however, the Plaintiff has received no response.

This all convienently came about after the Plaintiff initiated suits against the Sheriff.

(13)

WHEREFORE the Plaintiff is in immediate distress, in fear for his life and liberty and requests this Court to intervene because he has no other readily available avenue for relief. This doesn't even feel like America anymore! How do you forget a prisoner is locked in the back of your van and not even take him where he was supposed to go. How can you (J.S.O.) deny mail being sent when you arent a Federal employee that governs what postage is? Your Honor <u>PLEASE HELP!</u> I hope they allow this envelope out. Seeing where its going.

Desperately yours,

Dominic DiMaio
#2025000725
500 E. Adams St.
Jax Fl 32202

[Evidential Oath]

"Under penalty of perjury I declare I have read the foregoing and the facts stated in them are true". - Fl. Stat. §92.525

(14)